GUILLERMO ORTIZ GUZMÁN, demandante y apelado, *v.* RAMÓN AGUILÚ, TESORERO MUNICIPAL DE COAMO, demandado y apelante.

No. 5425.—*Sometido:* Junio 3, 1931. *Resuelto:* Junio 10, 1931.

*E. Ramos Antonini,* abogado del apelante; *Leopoldo Tormes y Manuel A. Rivera,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La parte demandada en un procedimiento de *mandamus* apela de una sentencia adversa, y dice que la corte de distrito erró al desestimar una moción para anular el auto. Tal como se presenta la cuestión en el alegato del apelante, no demanda seria consideración.

Puede admitirse que el juez de distrito erró, tal como se alega en el segundo señalamiento, al declarar nulas ciertas reglas relativas a contabilidad municipal; pero de esto no se sigue que la sentencia deba revocarse.

La tercera contención es que la corte de distrito erró al declarar sin lugar una defensa especial basada en un defecto de partes demandadas. La argumentación del apelante en apoyo de esta contención no revela cuándo o cómo se alegó la defensa especial de que se trata ni cuándo ni cómo fué desestimada por el juez de distrito.

La cuarta contención es que la corte de distrito erró al admitir prueba contraria a ciertos recibos previamente

introducidos en evidencia por el demandado, y contraria a las reglas concernientes a la contabilidad municipal. En ninguno de los extractos del récord taquigráfico consignados en el alegato del apelante hallamos error que justifique la revocación.

El quinto señalamiento es que la corte erró al admitir prueba sobre la teoría de que un *mandamus* es un procedimiento en equidad. El error, de haberse cometido, era inofensivo.

El sexto señalamiento es que la corte de distrito erró al declarar que la evidencia aducida en el juicio era suficiente para sostener la sentencia dictada. La argumentación del apelante deja de establecer el punto así presentado.

El séptimo señalamiento se dirige a la cuestión de costas, pero no hallamos abuso de discreción en la concesión hecha.

La contención final es que la sentencia es ineficaz por serle imposible al demandado cumplirla. La teoría del demandado parece ser la de que le es imposible entregar un cheque que fué presentado por él como prueba y está ahora bajo la custodia de la corte. Si la corte de distrito hubiera negado una moción para que se ordenara al secretario la devolución de ese cheque al demandado, con el fin de que pudiera entregárselo al demandante, según lo exigía el auto de *mandamus,* la teoría del apelante sería algo más plausible.

*Debe confirmarse la sentencia apelada.*